**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

v.

D-1, OVIDIO PENA-ALANIS,

          Defendant/Petitioner.

_____/

HON. MARIANNE O. BATTANI

Civil No:     10-12020
Criminal No: 08-20547

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND,
DENYING PETITIONER'S § 2255 MOTION, AND
DENYING CERTIFICATE OF APPEALABILITY**

Before the Court are Defendant/Petitioner Ovidio Pena-Alanis's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 22) and Motion to Amend/Correct Original Motion (Doc. 25). For the reasons that follow, the motion to amend is **GRANTED**, the § 2255 motion is **DENIED** with prejudice, and Petitioner is **DENIED** a certificate of appealability.

**I.    BACKGROUND**

Pursuant to a plea agreement, Petitioner Ovidio Pena-Alanis pleaded guilty to a charge of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. (Doc.17). The criminal history worksheet attached to the agreement listed one prior state conviction for possession of marijuana and described the disposition of that conviction as "delayed sentencing." (Doc. 17 at 13). The Presentence Investigation Report stated that this conviction was actually for delivery/manufacture of marijuana and that Petitioner was

on probation for that conviction at the time of the instant federal offense. The Court adopted the conclusions of the Report and found that Petitioner fell within Criminal History Category III, with a properly calculated guideline range of 87 to 108 months. Upon a finding that Category III over-represented the seriousness of his offenses, the Court departed downward and sentenced Petitioner to a lesser term of 78 months imprisonment. Five days after the Court sentenced him, Petitioner filed a § 2255 motion. (Doc. 22). He subsequently filed a motion to amend his § 2255 motion. (Doc. 25). These pro se motions are now before the Court.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must show a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. Riggs v. United States, 209 F.3d 828, 831 (6th Cir. 2000); Wright v. United States, 182 F.3d 458, 463 (6th Cir. 1999); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). In other words, a § 2255 movant must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006); Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003); Moss v. United

States, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner must sustain his allegations by a preponderance of the evidence. Pough, 442 F.3d at 964.

### III.   ANALYSIS

Respondent does not oppose Petitioner's Motion to Amend/Correct Original Motion. (Doc. 25). The Court grants this motion and notes that Petitioner inadvertently used "Criminal History Category" rather than "Criminal History Points" in the instant § 2255 motion. Turning to the § 2255 motion, Petitioner argues that the Court should not have relied upon his prior state court drug conviction in calculating his sentence because that conviction was ultimately dismissed once he finished serving his term of probation. The Court disagrees.

Under Section 4A1.2(f) of the United States Sentencing Guidelines, "[a] diversionary disposition resulting from a finding or admission of guilt . . . in a judicial proceeding is counted as a sentence under § 4A1.1(c) . . . even if a conviction is not formally entered." In order to obtain a "diversionary disposition" on the charge of delivery/manufacture of marijuana in state court, Petitioner was required to plead guilty and serve 11 months probation. Petitioner's admission of guilt is all that is required under the Sentencing Guidelines for his sentence to be counted when determining his criminal history category. See, U.S. v. Craft, 82 F.3d 419 (6th Cir. 1996) (unpublished table decision). Pursuant to Section 4A1.2(f), the Court properly treated Petitioner's diversionary disposition as a sentence. The fact that the charge was ultimately dismissed does not change the analysis because the dismissal was predicated on completing a term of probation rather than a finding of innocence.

Furthermore, as an additional bar to Petitioner's motion, absent extraordinary circumstances, a petitioner's cannot challenge a district court's application of the Sentencing Guidelines in a § 2255 proceeding. See, Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.1996); see also, U.S. v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); Knight v. United States, 37 F.3d 769, 773-74 (1st Cir.1994) (misapplication of Sentencing Guidelines is generally not a proper claim under § 2255); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."). The files and records in this matter conclusively show there are no extraordinary circumstances which justify relief under 28 U.S.C. § 2255. Accordingly, the resolution this motion requires no evidentiary hearing.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's Motion to Amend/Correct Original Motion (Doc. 25) is **GRANTED**; his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 22) is **DENIED** with prejudice.

## V. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, a court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional

right. Petitioner's claims do not establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, Petitioner Ovidio Pena-Alanis is also **DENIED** a certificate of appealability. This Court further certifies to the Court of Appeals that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

                                           s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

DATED: November 19, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and electronic filing.

                                           s/Bernadette M. Thebolt
                                           Case Manager